REQUESTED BY: John A. Gale Nebraska Secretary of State
You sent us various materials purporting to be financing statements under the Uniform Commercial Code ("UCC") which were submitted to your Uniform Commercial Code Office for filing. A portion of those materials involved three employees or contractual agents of the Department of Health and Human Services ("HHS") as debtors, and the financing statements presented for filing with respect to those individuals were in the amount of 1.5 to 2 million dollars each. In addition, you provided us with another financing statement against the "UNITED NATIONS dba UNITED STATES dba STATE OF NEBRASKA dba COUNTY OF LINCOLN" and Governor Johanns, which was also presented for filing. You now wish to know if your office can legally refuse to file those various financing statements under the UCC.
Neb. Rev. Stat. UCC § 9-520(a) (2001) provides as follows:
 A filing office shall refuse to accept a record for filing for a reason set forth in section 9-516(b) and may refuse to accept a record for filing only for a reason set forth in section 9-516(b).
In your opinion request letter, you indicate that the financing statements involving HHS employees or agents which were sent to your office appear to meet the requirements for filing found in Nebraska UCC § 9-516, as well as those found in §§ 9-502, 9-503, and 9-504. As a result, there appears to be little basis to refuse to file those documents under § 9-520(a). However, you then set out three other principles of law which you believe might indicate that those documents should not be filed in the present instance:
 1. Uniform Commercial Code § 1-203 (defined U 9-201(19)) imposes an obligation of good faith on every contract or duty within the code in its performance and enforcement, these filings do not appear to be prepared or tendered for filing in good faith.
 2. The Secured party does not appear to be a party entitled to file a record pursuant to U9-509
because no debtor authorization or legal obligation as enumerated in U9-509 appears to exist.
 3. The filing appears to violate the abuse of public records criminal statute (Neb. Rev. Stat. § 28-911) which provides that any person that presents or uses any record, knowing it to be false with intent that it be taken as part of the public record is guilty of this crime. Therefore filing the documents would aid in the efficacy of a criminal act and be contrary to the public interest.
Your question regarding your authority to refuse to file the materials at issue relates to the three principles set out in your letter.
We have found no authority from Nebraska or other jurisdictions which allows a filing officer to refuse to file a UCC financing statement which appears to be in proper form based upon the principles enumerated in your letter. On the other hand, there is authority in this area which indicates that a filing officer has little discretion to refuse to file a financing statement for reasons other than those set out in § 9-516(b).
Apart from the plain language of Neb. Rev. Stat. UCC § 9-520 (a) (2001), Comment No. 2, which is appended to that section of the current UCC, states as follows:
 In some states, filing offices considered themselves obligated by former article 9 to review the form and content of a financing statement and to refuse to accept those that they determine are legally insufficient. Some filing offices imposed requirements for or conditions to filing that do not appear in the statute. Under this section [UCC 9-520] the filing office is not expected to make legal judgments and is not permitted to impose additional conditions or requirements.
Subsection (a) both prescribes and limits the bases upon which the filing office must and may reject records by reference to the reasons set forth in section 9-516(b). For the most part, the bases for rejection are limited to those that prevent the filing office from dealing with a record that it receives — because some of the requisite information (e.g., the debtor's name) is missing or cannot be deciphered, because the record is not communicated by a method (e.g., it is MIME-rather than UU-encoded) or medium (e.g., it is written rather than electronic) that the filing office accepts, or because the filer fails to tender an amount equal to or greater than the filing fee.
In addition, Comment 3 appended to Neb. Rev. Stat. UCC § 9-518
(2001), which pertains to claims concerning inaccurate or wrongfully filed records, states:
 This article [9] cannot prove a satisfactory or complete solution to problems caused by misuse of the public records. The problem of "bogus" filings is not limited to the UCC filing system but extends to the real property records as well. A summary judicial procedure for correcting the public record and criminal penalties for those who misuse the filing and recording systems are likely to be more effective and put less strain on the filing system than provisions authorizing or requiring action by filing and recording offices.
Based upon the plain language of UCC § 9-520(a) and the Comments noted above, we believe that a filing officer must file a financing statement which meets the requirements of the UCC on its face and which is proper for filing under § 9-516(b). We do not believe that the principles set out in your letter provide a basis to refuse to file such a document.
With that general rule in mind, we will next consider the specifics of the various financing statements and documents which you provided to us along with your opinion request letter.
As noted above, one group of financing statement documents presented to your office for filing involved three employees or contractual agents of HHS as debtors. The financing statements included with those documents appear to be in proper form. However, other materials were presented to you in connection with those financing statements, including documents labeled as "Verified Statement of Account, Non-Negotiable-Private Between the Parties." Those latter documents appear to support the financing statements which were presented for filing, and seem to indicate that the debt underlying those financing statements is for some unauthorized use of the creditor's "private, common-law copyrighted" name in a letter. The creditor charged a fee of $500,000 for each unauthorized use of his name.
We do not believe that you are required to file the financing statements which you submitted to us which are associated with the debtors who are employees or agents of HHS. Had those financing statements been submitted to you without any further documentation, then they would have been eligible for filing, since they are in proper form. However, the additional documents submitted with those financing statements by the secured party make it apparent that there is no proper underlying security interest to support the financing statements. On that basis, you need not file them.
The second financing statement which you submitted to us with your opinion request letter names the debtor as the "UNITED NATIONS dba UNITED STATES dba STATE OF NEBRASKA dba COUNTY OF LINCOLN" and Governor Johanns. We are aware of no entity denominated as the "UNITED NATIONS dba UNITED STATES dba STATE OF NEBRASKA dba COUNTY OF LINCOLN." Therefore, we do not believe that this financing statement properly provides the name of a debtor under UCC § 9-503, and you need not file it.
Sincerely yours,
 JON BRUNING Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
__________________________________ Attorney General